# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 2:14CR00004 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **GLENN YOUNG,** | ) | By:  James P. Jones |
| | ) | United States District Judge |
| | ) | |
| Defendant. | ) | |

The defendant has filed a Motion to Continue Trial Date.  The defendant's jury trial is set to begin on August 25, 2014.  The motion was filed on August 18, 2014, and a hearing held on the motion on that day. The motion will be denied.

The defendant, an inmate at the United States Penitentiary Lee County ("USP Lee"), located within this judicial district, is charged with bribing a public official in violation of 18 U.S.C. § 201(b)(1)(A) and (C) (Count One), conspiracy to bribe a public official (Count Two), and possession of a prohibited object by an inmate, in violation of 18 U.S.C. § 1791(a)(2) and (d)(1)(F) (Count Three).  The defendant has indicated that he wishes to plead guilty to Count Three but go to trial as to Counts One and Two.  The charges arise out of the government's contention that the defendant paid Kimberlee Crabtree, a nurse and correctional officer at USP Lee, to provide him a mobile telephone and tobacco products.  It is alleged in the

Indictment that the defendant paid Crabtree sums of money, transmitted to her by Western Union from others, and that she in return smuggled this contraband into the prison for the defendant. The government believes that Crabtree, who previously pleaded guilty and has been sentenced, will so testify at trial.

The Indictment was returned against the defendant on March 24, 2014. A trial was set to begin on May 28, 2014, but was continued to its present date on the motion of the defendant in order to allow additional preparation time.

The grounds for the present requested continuance are that the defendant wishes to call another inmate as a witness. This inmate, Charles Lee Smoot, is presently incarcerated at the United States Penitentiary in Terre Haute, Indiana, some distance from this court. The defendant first indicated a desire for this inmate witness on July 30, 2014, when defense counsel filed a petition for a writ for Smoot's presence at trial. At a hearing before the magistrate judge on August 11, counsel withdrew the request for Smoot upon learning that the Marshals Service would be unable to transport Smoot to this court within the time required and that it would be necessary to continue the trial in order to obtain him. Counsel advised the magistrate judge that in lieu of a continuance, the defendant would prefer to forego Smoot as a witness.

The defendant has now changed his mind and has decided that he wishes Smoot as a witness and asks for a continuance of the upcoming trial so that Smoot

can be brought here. At the hearing on the motion for a continuance, the court received an ex parte representation by defense counsel of the purpose of Smoot's anticipated testimony.[1] Based upon counsel's representation, I find that the expected testimony is irrelevant to the issues in the case and thus there is no need for the witness. Moreover, the case has been pending for some time and a further delay would not be appropriate.

A public official's willingness to accept a bribe, and the frequency with which a public official accepts bribes, are irrelevant to the guilt or innocence of a defendant who has been accused of offering a bribe.

Section 201(b)(1) only depends on the intent of the person paying the bribe. "A bribe requires that the payment be made or promised 'corruptly,' that is, with 'corrupt intent.'" *United States v. Jennings*, 160 F.3d 1006, 1013 (4th Cir. 1998). "'[C]orrupt intent,' simply means 'the intent to receive a specific benefit in return for the payment.'" *United States v. Harvey*, 532 F.3d 326, 335 (4th Cir. 2008) (citing *Jennings*, 160 F.3d at 1013). "[I]t is sufficient to show that the payor intended for each payment to induce the official to adopt a specific course of action." *Jennings*, 160 F.3d at 1014.

---

[1] Counsel also represented that she wishes to interview another inmate at USP Lee, who may testify similarly to Smoot, but that she has been unable to interview him to date because the prison has been on lockdown for the last few days as a result of an assault on a staff member.

The public official's response, knowledge, and intent are irrelevant. "Provided that the money is offered with corrupt intent, the official does not necessarily even need to be aware of the bribe . . . so long as a bribe is offered or promised with the required intent to influence any official act the crime is committed." *United States v. Traitz*, 871 F.2d 368, 396 (3d Cir. 1989) (internal quotation marks and citation omitted).

The plain language of § 201(b)(1)(A) and (C) depends only on the intent of the person making the bribe, not the intent of the official who was bribed. *Cf. United States v. Patel*, 400 F. App'x 426, 436-37 (11th Cir. 2010) (unpublished) (holding that § 201(b)(2), which proscribes a public official's receipt of a bribe, depends only on the intent of the public official, not the person making the bribe).

Accordingly, it is **ORDERED** that the Defendant's Motion to Continue Trial Date (ECF No. 48) is DENIED.

ENTER:  August 19, 2014

/s/ James P. Jones
United States District Judge