# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 2:14CR00004 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **GLENN YOUNG,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for United States; Barry L. Proctor, Abingdon, Virginia, for Defendant.*

This case involves a federal inmate's procurement, through a prison employee's assistance, of articles as forbidden as they are coveted in the prison setting. Defendant Glenn Young is an inmate at the United States Penitentiary-Lee County ("USP-Lee") who found a lucrative business opportunity in the institution's ban on tobacco and cell phones. He paid a prison nurse, Kimberlee Crabtree, to smuggle this contraband into the prison and to look the other way when it came to reporting his illegal possession to other prison authorities. The defendant and Crabtree were eventually caught and prosecuted in this court. While Young pleaded guilty to possession of the contraband, in violation of 18 U.S.C. § 1791, he pleaded not guilty to bribing a public official in violation of 18 U.S.C. §

201(b)(1)(A) and (C), as well as conspiracy to commit bribery in violation of 18 U.S.C. § 371.[1]

Following a two-day jury trial, the defendant was convicted of both charges. He now moves for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29, or in the alternative, for a new trial. The defendant contends that the government's evidence presented at trial was insufficient to show that the defendant's bribe influenced an "official act," as defined by statute. Further, he contends that the court erred in instructing the jury that it is immaterial under the bribery statute whether the defendant or the nurse initiated the illicit transactions.

I will deny the defendant's motion on the grounds that, even if the evidence presented at trial does not meet the definition of "official act" in § 201(b)(1)(A), the evidence fits squarely within § 201(b)(1)(C), a provision with which the defendant was also charged. Further, the defendant's argument that the government must prove that the defendant initiated the transaction is contrary to well-established case law and thus lacks merit.

## I.

On review of a motion for acquittal under Rule 29, the court "must sustain the verdict if there is substantial evidence, viewed in the light most favorable to the Government, to uphold the jury's decision." *Burks v. United States*, 437 U.S. 1, 17

---

[1] Crabtree pleaded guilty and testified against Young.

(1978). "Substantial evidence" means "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996). The court should consider "circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established." *United States v. Tresvant*, 677 F.2d 1018, 1021 (4th Cir. 1982). In this determination, the court will not weigh the evidence or assess the credibility of witnesses. *Burks*, 437 U.S. at 17.

## II.

The statute in question, 18 U.S.C. § 201(b)(1), proscribes the following:

(b)  Whoever—

> (1)  directly or indirectly, corruptly gives, offers or promises anything of value to any public official or person who has been selected to be a public official, or offers or promises any public official or any person who has been selected to be a public official to give anything of value to any other person or entity, with intent—
>
> > (A)  to influence any official act; or
> >
> > (B)  to influence such public official or person who has been selected to be a public official to commit or aid in committing, or collude in, or allow, any fraud, or make opportunity for the commission of any fraud, on the United States; or
> >
> > (C)  to induce such public official or such person who has been selected to be a public

-3-

> official to do or omit to do any act in
> violation of the lawful duty of such official
> or person.

In this case, there is no dispute that the prison nurse was a "public official" within the meaning of the statute. Rather, the defendant contends that the evidence presented at trial — that the defendant paid the nurse for the purpose of receiving smuggled contraband — falls short of "influenc[ing] any official act" under § 201(b)(1)(A). The statute defines "official act" as "any decision or action on any question, matter, cause, suit, proceeding or controversy, which may at any time be pending, or which may by law be brought before any public official, in such official's official capacity, or in such official's place of trust or profit." 18 U.S.C. § 201(a)(3).

The defendant argues that, under this definition, an "official act" requires the exercise of, or promise to exercise, an official's governmental duties. He contends that the evidence at trial showed that precisely the opposite occurred, since the actions of the prison nurse contravened, rather than exercised, her official duty to prevent contraband from entering the prison. The government responds that the evidence showing that the nurse violated USP-Lee regulations as well as her duty as a corrections officer are sufficient to show that her actions constituted an official act.

Case authority is clear that official acts include not only actions "taken

pursuant to responsibilities explicitly assigned by law," but also "activities that have been clearly established by settled practice as part [of] a public official's position." *United States v. Jefferson*, 674 F.3d 332, 357 (4th Cir. 2012); see also *United States v. Birdsall*, 233 U.S. 223, 231 (1914) ("In numerous instances, duties not completely defined by written rules are clearly established by settled practice, and action taken in the course of their performance must be regarded as within the [bribery] provisions."). In *Jefferson*, for example, the Fourth Circuit held that a congressman's acceptance of payments from a telecommunications company in exchange for using his office to promote the company abroad, among other offenses, constituted bribery, despite the fact that his actions were part of his settled practices as a congressmen rather than mandated by law. 674 F.3d at 354-57. In a similar vein, a congressman's use of his office to secure Navy contracts for a ship repair firm was held to constitute an official act in *United States v. Biaggi*, 853 F.2d 89, 96-99 (2d Cir. 1988); see also *United States v. Alfisi*, 308 F.3d 144, 149-151 (2d Cir. 2002) (upholding bribery conviction where agriculture inspector procured payments in exchange for favorable produce inspections).

The officials' actions in *Jefferson*, *Biaggi* and *Alfisi* were "clearly covered by the statute because [it] concern[ed] inappropriate influence on decisions that the government actually makes." *Jefferson*, 674 F.3d at 357 (quoting *Valdes v. United States*, 475 F.3d 1319, 1325 (D.C. Cir. 2007) (en banc)). Because of the

importance of having "the benefit of objective evaluation and unbiased judgment" of public officials, "society deals sternly with bribery which would substitute the will of an interested person for the judgment of a public official as the controlling factor in official decisions." *United States v. Labovitz*, 251 F.2d 393, 394 (3d Cir. 1958). In short, an official act is taken pursuant to an official duty, whether written or unwritten, concerning "questions, matters, causes, suits, proceedings, and controversies that are decided by the government." *Valdes*, 475 F.3d at 1325.

As the defendant points out, the actions taken in this case do not resonate with the above definition. The nurse smuggled contraband, not as part of her duties as explicitly prescribed by law, but in direct violation of them. See *United States v. Johnson*, No. 93-5792, 1994 WL 260806, at *1-2 (4th Cir. June 15, 1994) (unpublished) (describing importance of corrections officers' role in preventing smuggling of contraband). Further, derogating one's duty to prevent prisoners from possessing contraband does not seem, by any stretch, to be "clearly established by settled practice as part [of] a public official's position" — indeed, it is the opposite. *Jefferson*, 674 F.3d at 357. As these cases show, the "official acts" provision in § 201(b)(1)(A) contemplates that illicit payments influence the official's exercise of lawful duties, not her disregard of them.

Ultimately, however, this debate is largely academic, for the very reasons the defendant advances in support of his position. Section 201(b)(1) provides three

alternative methods to prove the element of intent to commit bribery. See §

201(b)(1)(A)-(C). While § 201(b)(1)(A) requires that the defendant intend to

influence "any official act," such a finding is not necessary to support a conviction

under the statute. Rather, proof that the defendant intended to "induce such public

official . . . to do or omit to do any act in violation of the lawful duty of such

official" will suffice under § 201(b)(1)(C). Therefore, "[o]n the face of the statute,

either an intention to influence official behavior or an intention to induce unlawful

action will supply the culpability which the statute requires." *Labovitz*, 251 F.2d at

394. As the Second Circuit explained in *Alfisi*:

> Subsections (A) and (C) [of § 201(b)(1)] undoubtedly overlap in some
> considerable measure, although resort to (A) seems most appropriate
> in the case of bribes regarding decisions involving the exercise of
> judgment or discretion, such as judicial decisions or produce
> inspections, while use of (C) would be most appropriate in the case of
> bribes to induce actions that directly violate a specific duty, such as a
> prison guard's duty to prevent the smuggling of contraband.

308 F.3d at 151 n.3.

Here, the defendant concedes that the nurse's actions violated her lawful

duties, and indeed this fact is the crux of his argument. Thus, the smuggling of

contraband by a corrections officer comfortably falls under § 201(b)(1)(C). Counts

One and Two of the Indictment in this case specifically charged the defendant with

"induc[ing] [a] public official to do or omit to do any act in violation of the lawful

duty of such official," (Indictment, ECF No. 2), and the jury instructions similarly

-7-

instructed the jury that it had to find that the defendant made the payments "corruptly and with intent to (1) influence an official act or (2) persuade Kimberlee Crabtree to do an act in violation of her lawful duties." (Final Jury Instructions 16, ECF No. 76.) Therefore, even if the government presented inadequate evidence at trial of an official act, there was still sufficient evidence to support a bribery conviction under § 201(b)(1)(C) and in turn a conviction for conspiracy to violate the law.

III.

The defendant further argues that the court erred in instructing the jury, in response to an inquiry during deliberations, that the government did not have to prove which party initiated the illicit transactions so long as the elements of the offense were proven beyond a reasonable doubt. The defendant contends that § 201(b)(1)(A) and (C) require that the government prove that the defendant initiated the corrupt agreement.

The defendant misapprehends the law. "Bribery requires the intent to effect an exchange of money (or gifts) for specific official action (or inaction), but each payment need not be correlated with a specific official act." *United States v. Jennings*, 160 F.3d 1006, 1014 (4th Cir. 1998). "The quid pro quo requirement is satisfied so long as the evidence shows a course of conduct of favors and gifts flowing to a public official in exchange for a pattern of official actions favorable to

the donor." *Id.* (internal quotation marks and citation omitted). Therefore, the timing of the payment in relation to the official act is irrelevant, as "it is only logical that in certain situations the bribe will not actually be conveyed until the act is done." *United States v. Campbell*, 684 F.2d 141, 148 (D.C. Cir. 1982). Clearly established law thus contravenes the defendant's position.

IV.

For these reasons, the defendant's Motion for Judgment of Acquittal (ECF No. 103) is DENIED. Nor does the evidence "weigh[] so heavily against the verdict that it would be unjust to enter judgment," *United States v. Arrington*, 757 F.2d 1484, 1485 (4th Cir. 1985), and so the alternative request for a new trial is also DENIED.

It is so **ORDERED**.

ENTER: January 26, 2015

/s/ James P. Jones
United States District Judge